1   Lynda J. Zadra-Symes (SBN 156,511) ·
    Lynda.Zadra-Symes@knobbe.com
2   KNOBBE, MARTENS, OLSON & BEAR, LLP
    2040 Main Street
3   Fourteenth Floor
    Irvine, CA 92614
4   Phone: (949) 760-0404
    Facsimile: (949) 760-9502
5
    Brian C. Horne (SBN 205,621)
6   brian.horne@knobbe.com
    KNOBBE, MARTENS, OLSON & BEAR, LLP
7   10100 Santa Monica Boulevard, Suite 1600    E-filing
    Los Angeles, CA 90067
8   Phone: (310) 551-3450
    Facsimile: (310) 551-3458
9
    Attorneys for Plaintiff
10  WESTERN WIND ENERGY CORP.

11                    IN THE UNITED STATES DISTRICT COURT

12                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14  WESTERN WIND ENERGY CORP., a Canadian    ) Civil Action No.    4806
    corporation,                              )
15                                            ) COMPLAINT
                Plaintiff,                    )
16                                            ) DEMAND FOR JURY TRIAL
         v.                                   )
17                                            )
    SAVITR CAPITAL, LLC, a Delaware limited   )
18  liability company,                        )
                                              )
19              Defendant.                    )
                                              )
20

21

22

23

24

25

26

27

28

                                                                Complaint

**I. JURISDICTION AND VENUE**

1.    This is an action for: (a) trademark infringement arising under 15 U.S.C. § 1114, (b) false designation of origin arising under 15 U.S.C. § 1125(a), (c) unfair competition arising under California Business & Professions Code § 17200 *et seq*, and (d) unfair competition arising under the common law of the State of California.

2.    This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b) and 1367(a). In addition, jurisdiction over all claims is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and the Defendant.

3.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c).

**II. THE PARTIES**

4.    Plaintiff Western Wind Energy Corp. ("Western Wind") is a Canadian corporation having its principal place of business at Suite 1326, HSBC Building, 885 West Georgia Street, Vancouver, BC, Canada V6C 3E8.

5.    Savitr Capital, LLC ("Savitr") is a Delaware Limited Liability Company having its principal place of business at One Market Plaza, Steuart Tower, Suite 1400, San Francisco, CA 94105. Savitr is subject to the general and specific jurisdiction of this Court by virtue of its substantial contacts with California, including its participation in the acts and events occurring in this Judicial District described herein.

**III. ALLEGATIONS FOR ALL CLAIMS OF RELIEF**

**A.    Western Wind's Trademark Rights**

6.    Western Wind is a leader in the development and operation of wind and solar energy generation facilities. Western Wind has owned and operated utility scale wind energy facilities in California since at least 1998. It now operates three facilities in California and one facility in Arizona.

7.    Western Wind is a publicly traded company that trades on the Toronto Venture Exchange under the symbol "WND" and in the United States on the OTCQX under

-1-

the symbol "WNDEF." The Company is authorized to issue an unlimited number of Common Shares. As of August 24, 2012, there were a total of 68,427,401 Common Shares without par value issued and outstanding, each carrying the right to one vote. Most of Western Wind's shareholders are retail investors

8. Western Wind is the owner of the federal trademark registration for WND Western Wind Energy & Design:

Registration No. 4,017,546, registered for use in connection with production of wind energy. A copy of the registration is attached hereto as Exhibit A.

9. Since at least as early as June 30, 2003, and prior to the acts of Defendant alleged herein, Western Wind has used its WND Western Wind Energy & Design trademark (hereinafter "WND Design trademark") in connection with the production, advertising and sale of wind energy and in communications with its investors, including investors located throughout the United States.

**B. <u>Savitr's Infringement of the Wind Energy & Design Mark</u>**

10. Defendant Savitr is engaged in the business of investment management, focusing on investing in renewable and clean energy companies. Savitr is also a stockholder in Western Wind.

11. Without permission or authority from Western Wind, Defendant has infringed Western Wind's WND Design trademark in interstate commerce by distributing with its Proxy Circular a prominent advertising flyer that displays the WND Design trademark and instructs shareholders to vote against the recommendations of Western Wind's current management and in favor of Savitr's proposed board nominees. Attached at the front of Savitr's Proxy Circular, Savitr's prominent advertising flyer states: "DON'T LET YOUR INVESTMENT IN WESTERN WIND CONTINUE TO BE DESTROYED" . . . "VOTE

473b57433344ad93

*1*  YOUR GREEN PROXY TODAY."  Below this text, Savitr's logo and Western Wind's

*2*  federally registered WND Design trademark appear side-by-side.  Attached hereto as Exhibit

*3*  B is a copy of Savitr's Proxy Circular flyer.

*4*        12.      Western Wind is informed and believes, and on that basis alleges, that

*5*  Defendant's unauthorized use of Western Wind's WND Design trademark is intended to

*6*  confuse and mislead shareholders into believing that Savitr's Proxy Circular, voting

*7*  recommendations and related communications to shareholders emanate from and/or are

*8*  sponsored or approved by Western Wind, which is not true.

*9*        13.      Western Wind is informed and believes, and on that basis alleges, that

*10*  Defendant's use of Western Wind's WND Design trademark is intended to cause confusion,

*11*  mistake or deception.

*12*        14.      By virtue of the acts complained of herein, Defendant has created a

*13*  likelihood of injury to Western Wind's business reputation, caused a strong likelihood of

*14*  consumer confusion as to the source of origin or relationship of Western Wind's and

*15*  Defendant's Proxy Circular statements and voting recommendations, and has otherwise

*16*  competed unfairly with Western Wind.

*17*        15.      Defendant's acts complained of herein have caused damage to Western

*18*  Wind in an amount to be determined at trial, and such damages will continue to increase

*19*  unless Defendant is enjoined from its wrongful actions.

*20*        16.      Defendant's acts complained of herein have caused Western Wind to suffer

*21*  irreparable injury to its business.  Western Wind will suffer substantial loss of goodwill and

*22*  reputation unless and until Defendant is preliminarily and permanently enjoined from the

*23*  wrongful actions complained of herein.

*24*  **IV.  FIRST CAUSE OF ACTION FOR TRADEMARK INFRINGEMENT UNDER**

*25*  **15 U.S.C. § 1114**

*26*        17.      Western Wind hereby repeats, realleges, and incorporates by reference

*27*  Paragraphs 1-16 of this Complaint as though fully set forth herein.

*28*        18.      This is an action for trademark infringement arising under 15 U.S.C. § 1114.

Complaint

19.     Jurisdiction is founded on 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391.

20.     Western Wind owns U.S. Trademark Registration No. 4,017,546 for WND Western Wind Energy & Design.

21.     Defendant has used in commerce, without permission from Western Wind, Western Wind's WND Design mark. Defendant has infringed Western Wind's mark and created a false designation of origin by using, without Western Wind's permission, the identical WND Design mark in connection with the promotion and distribution of Defendant's Proxy Circular statements. Western Wind is informed and believes, and on that basis alleges, that Defendant did so with the intent to unfairly compete against Western Wind, to trade upon Western Wind's reputation and goodwill by causing confusion and mistake among shareholders, and to deceive them into believing that Defendant's Proxy Circular and voting recommendations emanate from, are associated with and/or sponsored by or approved by Western Wind, when they are not.

22.     Defendant had actual knowledge of Western Wind's ownership and prior use of Western Wind's mark, and without the consent of Western Wind, has willfully violated 15 U.S.C. § 1114.

23.     Defendant's aforementioned acts have injured Western Wind and damaged Western Wind in an amount to be determined at trial.  By its actions, Defendant has irreparably injured Western Wind. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Western Wind's rights, for which Western Wind has no adequate remedy at law.

## V. <u>SECOND CAUSE OF ACTION FOR FALSE DESIGNATION OF ORIGIN</u>

24.     Western Wind hereby repeats, realleges, and incorporates by reference paragraphs 1-23 of this Complaint as though fully set forth herein

25.     This is an action for false designation of origin arising under 15 U.S.C. § 1125(a).

26.     Jurisdiction is founded on 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and

-4-

Complaint

1338(a). Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391.

27.    Defendant created a false designation of origin by using in commerce, without Western Wind's permission, Western Wind's WND Design trademark in connection with Defendant's Proxy Circular. Western Wind is informed and believes, and on that basis alleges, that Defendant did so with the intent to cause confusion and mistake among shareholders, and to deceive them into believing that Defendant's Proxy Circular and voting recommendations are associated with, sponsored by or approved by Western Wind, when they are not.

28.    Western Wind is informed and believes, and on that basis alleges, that Defendant had actual knowledge of Western Wind's ownership and prior use of the WND Design trademark, and without the consent of Western Wind, has willfully violated 15 U.S.C. § 1125(a).

29.    Defendant's aforementioned acts have injured Western Wind and damaged Western Wind in an amount to be determined at trial.

30.    By its actions, Defendant has irreparably injured Western Wind. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Western Wind's rights, for which Western Wind has no adequate remedy at law.

## VI. THIRD CAUSE OF ACTION FOR CALIFORNIA STATUTORY UNFAIR COMPETITION

31.    Western Wind hereby repeats, realleges, and incorporates by reference paragraphs 1-30 of this Complaint as though fully set forth herein.

32.    This is an action for unfair competition arising under Cal. Bus. & Prof. Code § 17200, et. seq.

33.    This Court has jurisdiction under 28 U.S.C. §§ 1338(b) and 1367(a). Venue is proper under 28 U.S.C. § 1391(b).

34.    By virtue of the acts complained of herein, Defendant has intentionally caused a likelihood of confusion among the public and has unfairly competed in violation of Cal. Bus.

-5-

1 & Prof. Code § 17200, *et. seq.*

2        35.    Defendant's aforementioned acts constitute unlawful, unfair, malicious or

3 fraudulent business practices, which have injured and damaged Western Wind.

4        36.    By its actions, Defendant has irreparably injured Western Wind.    Such

5 irreparable injury will continue unless Defendant is preliminarily and permanently enjoined

6 by this Court from further violation of Western Wind's rights, for which Western Wind has

7 no adequate remedy at law.

8    **VII.  FOURTH CAUSE OF ACTION FOR CALIFORNIA COMMON LAW UNFAIR**

9                            **COMPETITION**

10        37.    Western Wind hereby repeats, realleges, and incorporates by reference

11 paragraphs 1-36 of this Complaint as though fully set forth herein.

12        38.    This is an action for common law unfair competition arising under the common

13 law of the State of California.

14        39.    This Court has jurisdiction under 28 U.S.C. §§ 1338(b) and 1367(a).  Venue is

15 proper under 28 U.S.C. § 1391(b).

16        40.    By virtue of the acts complained of herein, Defendant has intentionally caused a

17 likelihood of confusion among the public and has unfairly competed with Western Wind in

18 violation of the common law of the State of California.

19        41.    Defendant's willful acts of unfair competition have caused damage and injury to

20 Western Wind in an amount to be determined at trial.  By its actions, Defendant has

21 irreparably injured Western Wind.  Such irreparable injury will continue unless Defendant is

22 preliminarily and permanently enjoined by this Court from further violation of Western

23 Wind's rights, for which Western Wind has no adequate remedy at law

24        42.    Defendant's willful acts of unfair competition under California common law

25 constitute fraud, oppression and malice.  Accordingly, Western Wind is entitled to exemplary

26 damages pursuant to Cal. Civ. Code Section § 3294(a)

27                            **PRAYER FOR RELIEF**

28        WHEREFORE, Western Wind prays for judgment against Defendant as follows:

-6-

Complaint

1    A.    That the Court enter judgment in favor of Western Wind and against
2  Defendant on all claims for relief alleged herein;

3    B.    That the Court enter judgment that Defendant has willfully violated the
4  provisions of 15 U.S.C. § 1114;

5    C.    That the Court enter judgment that Defendant has violated the provisions of 15
6  U.S.C. § 1125(a);

7    D.    That Defendant be adjudged to have willfully violated the provisions of 15
8  U.S.C. § 1125(a);

9    E.    That Defendant be adjudged to have unfairly competed with Western Wind
10  under Cal. Bus. & Prof. Code § 17200, *et. seq.*;

11    F.    That Defendant be adjudged to have unfairly competed with Western Wind
12  under the common law of the State of California;

13    G.    That Defendant, its officers, agents, servants, employees, attorneys,
14  successors, and assigns, and all other persons in active concert or participation with any of
15  them who receive actual notice of the injunction by personal service or otherwise, be
16  forthwith preliminarily and permanently enjoined from:

17              i.    using Western Wind's WND Design trademark in a manner that is
18         likely to create confusion among shareholders or the public as to the origin,
19         sponsorship or association of Defendant's Proxy Circular, voting
20         recommendations and related materials;

21              ii.    falsely designating the origin of Defendant's Proxy Circulars and
22         voting recommendations;

23              iii.    unfairly competing with Western Wind in any manner whatsoever;
24         and;

25              iv.    causing a likelihood of confusion or injury to Western Wind's business
26         reputation;

27    H.    That Defendant be directed to file with this Court and serve on Western Wind
28  within thirty (30) days after the service of the injunction, a report, in writing, under oath,

-7-

Complaint

1 | setting forth in detail the manner and form in which Defendant has complied with the
2 | injunction pursuant to 15 U.S.C. § 1116;

3 |     I.      That Defendant be required to account to Western Wind for any and all profits
4 | derived by Defendant and all damages sustained by Western Wind by virtue of Defendant's
5 | acts complained of herein;

6 |     J.      That Defendant be ordered to pay over to Western Wind all damages which
7 | Western Wind has sustained as a consequence of the acts complained of herein, subject to
8 | proof at trial;

9 |     K.      That Western Wind be awarded treble damages pursuant to 15 U.S.C. § 1117;

10 |     L.      That Western Wind be awarded exemplary damages from Defendant pursuant
11 | to Cal. Civ. Code. § 3294;

12 |     M.      That an award of reasonable costs, expenses and attorneys' fees be awarded to
13 | Western Wind pursuant to 15 U.S.C. § 1117;

14 |     N.      That Defendant be required to deliver and destroy all devices, literature,
15 | advertising, goods and other materials bearing the infringing trade mark pursuant to 15
16 | U.S.C. § 1118;

17 |     O.      That Western Wind be awarded such other and further relief as this Court may
18 | deem just and proper.

19 |

20 |                          Respectfully submitted,

21 |                          KNOBBE, MARTENS, OLSON & BEAR, LLP

22 |

23 | Dated: 9/13/12              By:
24 |                            Lynda J. Zadra-Symes
   |                            Brian C. Horne

25 |                          Attorneys for Plaintiff
   |                          WESTERN WIND ENERGY CORP.
26 |

27 |

28 |

-8-

Complaint

1

## JURY TRIAL DEMANDED

2       Western Wind demands a trial by jury on all issues raised by this Complaint which are

3   triable by jury.

4                                    Respectfully submitted,

5                                    KNOBBE, MARTENS, OLSON & BEAR, LLP

6

7   Dated:___9/13/12___         By:_____
                                     Lynda J. Zadra-Symes
8                                    Brian C. Horne

9                                    Attorneys for Plaintiff
                                     WESTERN WIND ENERGY CORP.
10

11   13929226

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office



WESTERN WIND ENERGY

**Reg. No. 4,017,546**

**Registered Aug. 30, 2011**

**Int. Cl.: 40**

**SERVICE MARK**

**PRINCIPAL REGISTER**

WESTERN WIND ENERGY CORPORATION (CANADA CORPORATION)
SUITE 1326
885 WEST GEORGIA STREET
VANCOUVER, B.C., CANADA V6C3E8

FOR: PRODUCTION OF WIND ENERGY, IN CLASS 40 (U.S. CLS. 100, 103 AND 106).

FIRST USE 6-30-2003; IN COMMERCE 6-30-2003.

OWNER OF CANADA REG. NO. TMA785146, DATED 12-16-2010, EXPIRES 12-16-2020.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "WIND ENERGY", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A RAY OF LIGHT DESIGN CONSISTING OF FIVE STYLIZED WIND TURBINE BLADES ADJACENT THE STYLIZED LETTERS "W", "N" AND "D" AND THE PHRASE "WESTERN WIND ENERGY".

SER. NO. 77-778,590, FILED 7-10-2009.

JAMES GRIFFIN, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

**Exhibit A**

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are
based on the U.S. registration date (not the international registration date). The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications
at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

Page: 2 / RN # 4,017,546

**Exhibit A**

# EXHIBIT B

# DON'T LET YOUR INVESTMENT IN WESTERN WIND CONTINUE TO BE DESTROYED



# VOTE YOUR GREEN PROXY TODAY

 

**Exhibit B**