UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WESTERN WIND ENERGY CORP.,

    Plaintiff,

    v.

SAVITR CAPITAL, LLC,

    Defendant.

_____/

No. C 12-4806 PJH

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**

    Plaintiff's application for a temporary restraining order ("TRO") came on for hearing before this court on September 19, 2012. Plaintiff Western Wind Energy Corp. ("plaintiff") appeared through its counsel, Brian Horne and Lynda Zadra-Symes. Defendant Savitr Capital, LLC ("defendant") appeared through its counsel, David Balabanian and David Cannon. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES plaintiff's application for the reasons stated at the hearing and as follows.

    A plaintiff seeking a temporary restraining order must establish that it is likely to succeed on the merits, that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008). In this case, plaintiff has not shown that it is likely to succeed on the merits with regard to its trademark infringement claim. The materials presented to the court do not show that defendant's use of plaintiff's mark is "likely to confuse an appreciable number of people as to the source of" defendant's proxy materials. See Entrepreneur Media, Inc. v. Smith, 279 F.3d 1135, 1151 (9th Cir. 2002) (emphasis in original). Here, the evidence in

the form of two declarations not yet filed, but referred to at the hearing, is not persuasive in light of the actual language of the flyer and proxy circular. "That there are a few consumers who do not pay attention to obvious differences, and assume common sources where most other people would not, may not demonstrate the requisite likelihood of confusion." Id.

Moreover, in light of the corrective actions taken by defendant after the filing of plaintiff's complaint and TRO application, plaintiff's request for relief appears to be moot. Defendant has stopped using the mark, and has sent a letter to all shareholders explaining that defendant's proxy materials were not endorsed by plaintiff.

For all of the foregoing reasons, plaintiff's TRO application is DENIED.

**IT IS SO ORDERED.**

Dated: September 19, 2012

PHYLLIS J. HAMILTON
United States District Judge